UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**ALMOND J. RICHARDSON**                          CIVIL ACTION

**VERSUS**

**KENNETH HUBER, ET AL.**                         NO. 10-0149-JVP-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 22, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALMOND J. RICHARDSON**                                              **CIVIL ACTION**

**VERSUS**

**KENNETH HUBER, ET AL.**                                             **NO. 10-0149-JVP-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the West Baton Rouge Detention Center, Port Allen, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge ("E.B.R.P.") Deputy Sheriff Kenneth Huber, E.B.R.P. Deputy Sheriff Malcolm Hall, E.B.R.P. Deputy Sheriff John Knapp and E.B.R.P. Sheriff Sidney Gautreaux, alleging that defendant Huber violated the plaintiff's constitutional rights on March 2, 2006, when the defendant forcibly entered an apartment occupied by the plaintiff, allegedly without a warrant, assaulted the plaintiff by "thrusting his knee into the plaintiff's stomach area", and questioned the plaintiff regarding narcotics activities in the surrounding area without first advising the plaintiff of his Miranda rights. After the arrest, defendant Huber allegedly filed an affidavit of probable cause which allegedly contained numerous false statements, including that the defendant had obtained a search warrant prior to the search, that money and drugs were found within the apartment, that the plaintiff was advised of his Miranda rights, and that the plaintiff voluntarily provided statements confirming his involvement in the distribution of narcotics. The plaintiff further contends that, approximately one week after the search, defendant Huber improperly prepared an after-the-fact application for a search warrant of the referenced apartment which also included

false statements regarding an alleged confidential informant and an alleged controlled purchase of narcotics from the plaintiff by the informant. The plaintiff asserts that these false statements were improperly utilized in order to facilitate his arrest and, ultimately, his conviction. The plaintiff further contends that in 2009, defendants Hall and Knapp provided false testimony on several occasions in a criminal proceeding before the United States District Court for the Middle District of Louisiana, United States v. Almond J. Richardson, Criminal Action No. 07-CR-0034-JVP-DLD, specifically testifying that they had engaged in surveillance of the referenced apartment in early March, 2006, and that they had arranged for a controlled purchase of narcotics from the plaintiff by a confidential informant. Finally, the plaintiff complains that defendant Sheriff Sidney Gautreaux is responsible for the actions of his subordinate officers, and although he was not the Sheriff at the time of the search conducted in March, 2006, he had been elected Sheriff by the time that the defendants provided false testimony and, accordingly, should be held accountable for their misconduct. The plaintiff prays for monetary damages as a result of the defendants' alleged wrongful conduct.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any

time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Initially, to the extent that the plaintiff complains that his constitutional rights were violated as a result of the forcible entry of his apartment on March 2, 2006, the wrongful search thereof, his wrongful arrest on that date, allegedly without probable cause, the physical assault undertaken by defendant Huber at that time, and the false statements allegedly made by defendant Huber in a subsequent affidavit of probable cause and application for a search warrant, these claims are barred by the applicable statute of limitations. In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his cause of action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).

In the instant case, the plaintiff knew of or should have known of the basis for his claims at such time as his residence was forcibly entered and searched, he was physically assaulted, and he was questioned and arrested without having been advised of his Miranda rights. See

Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994)("Moore certainly possessed the 'critical facts' concerning the allegedly unreasonable search of his car on the day it occurred").  See also Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)(holding that "the statute of limitations upon a § 1983 claims seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); Myers v. Swindle, 2010 WL 742442 (N.D. Tex., Feb. 26, 2010)("With respect to [plaintiff's] claims for false arrest, excessive force, ... and false imprisonment, ... the limitations period commenced on ... the date plaintiff was arrested, imprisoned, [and] allegedly beaten ...."); Davis v. Pollock, 2010 WL 420017 (S.D. Tex., Jan. 29, 2010)("The limitations period of a false arrest claim began to run on the date when the plaintiff was first detained pursuant to legal process .... [and] a false imprisonment claim accrues when the plaintiff is brought before a magistrate or is arraigned on charges."); Terry v. Hodges, 2009 WL 2224551 (N.D. Miss., July 23, 2009).  It is clear, therefore, that the plaintiff's claim relative to events occurring in March, 2006, asserted in this Court four years after the events complained of, is barred by the applicable one-year statute of limitations.

Turning to the plaintiff's claim that defendants Hall and Knapp provided false testimony in federal court proceedings in 2009, this claim is foreclosed by the decision of the United States Court of Appeals in Moore v. McDonald, supra, wherein the Court held that a law enforcement officer giving testimony in a criminal trial or in pre-trial adversarial criminal proceedings is absolutely immune from liability for claims asserted under § 1983 of perjury or false testimony.  See also Mowbray

v. Cameron County, 274 F.3d 269 (5th Cir. 2001), cert. denied, 535 U.S. 1055, 122 S.Ct. 1912, 152 L.Ed.2d 822 (2002); Sage v. McElveen, 53 F.3d 1280 (5th Cir. 1995).  The basis for this conclusion is the United States Supreme Court's decision in Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1993), which held that all witnesses - law enforcement officers as well as lay witnesses - are absolutely immune from civil liability under § 1983, including those who give allegedly perjured testimony during adversarial criminal proceedings.  Accordingly, the plaintiff's claims asserted against defendants Hall and Knapp are not properly before the Court and must be dismissed.

Finally, the plaintiff's claim asserted against Sheriff Sid Gautreaux is also without merit.  To be liable under § 1983, a person must either have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Any allegation that this defendant is responsible for the actions of his subordinate employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Accordingly, inasmuch as defendant Gautreaux was not the E.B.R. Sheriff at the time of the events complained of in March, 2006, and inasmuch as he is not alleged to have directly or personally participated in any of the events occurring in 2009 during the plaintiff's criminal trial, there can be no liability on the part of this defendant.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).[1]

Signed in chambers in Baton Rouge, Louisiana, April 22, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."